IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN
APPELLATE DIVISION

LAUGHTON   CLARKE          )
                           )  D.C. Crim. App. No.2004-85
        Appellant,         )
                           )  Super. Ct. Crim. No. F319-2002
v.                         )
                           )
PEOPLE OF THE VIRGIN ISLANDS )
                           )
        Appellee.          )
                           )

On Appeal from the Superior Court of the Virgin Islands,
the Honorable Audrey Thomas presiding.

Considered: December 8, 2009
Filed: October 28, 2013

BEFORE: **CURTIS V. GÓMEZ**, Judge of the District Court of the
Virgin Islands; and **RAYMOND FINCH**, Judge of the District Court of
the Virgin Islands, sitting by designation.[1]

<small>ATTORNEYS:</small>

**Michael C. Quinn, Esq.**
St. Thomas, VI
        *For the Appellant.*

**Douglas Juergens, Esq.**
**Matthew C. Phelan, Esq.**
St. Thomas, VI
        *For the Appellee.*

---

[1] While Patricia Steele, Judge of the Superior Court, Division of St.
Croix, sat on the panel that considered this matter, she retired before the
decision was issued.

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 2

---

### MEMORANDUM OPINION

**PER CURIAM,**

Laughton Clarke ("Clarke") appeals his convictions in the Superior Court[2] of the Virgin Islands. Clarke was convicted of second degree aggravated rape, first degree unlawful sexual contact, first degree assault, child abuse, and incest. He also appeals his sentence.

### I.  FACTUAL AND PROCEDURAL BACKGROUND

One night in the first week of August, 2002, Laughton Clarke and his daughter, Shermaine Clarke, were in her bedroom watching television. Clarke asked his daughter for a rub, to which she responded no. He then lay down on top of her and started to take off his clothes. His daughter began screaming. Clarke told his daughter to stop making noise.  He had sexual intercourse with her. As his daughter struggled, Clarke slapped her and placed his shirt around her mouth to stifle her screaming.

On August 30, 2002, Laughton Clarke once again entered Shermaine Clarke's room naked and asked for a rub. She replied

---

[2]  Prior to 2005, the trial court was known as the Territorial Court of the Virgin Islands and its judges were referred to as Territorial Court Judges. Effective January 1, 2005, however, the name of the Territorial Court changed to Superior Court of the Virgin Islands. See Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004). Recognizing this renaming, this Court employs the terms Superior Court and Superior Court Judge.

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 3

"No." Clarke again had sexual intercourse with her as she struggled and screamed. Clarke placed a pillow over Shermaine Clarke's face to silence her.

Shortly after that incident, Shermaine Clarke called Albertis Rogers. She told Rogers that she had been raped again. She asked Rogers if he could come for her. Rogers replied that he could not come, but that he would call the police.

Thereafter, in response to a 911 call, police officers arrived at the home of Laughton Clarke. The 911 caller informed the police that the alleged offender may possess a gun. When the police arrived, Shermaine Clarke was outside of the residence. They spoke with her and she told them that her father had just had sex with her. The police arrested Clarke. Thereafter, Clarke and Shermaine Clarke were taken to the hospital for evidene collection. While at the hospital, DNA evidence was collected from Clarke by saliva swab.

The People charged Laughton Clarke in a fourteen count information. Counts One and Two charged Clarke with second degree aggravated rape committed between August 1 and 10, 2002, in violation of V.I. CODE ANN. tit. 14, § 1700a. Counts Three and Four charged Clarke with first degree unlawful sexual contact committed between August 1 and August 10, 2002, in violation of V.I. CODE ANN. tit. 14, § 1708(1). Count Five charged Clarke with

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 4

child abuse committed between August 1 and 10, 2002, in violation

of  V.I. CODE ANN. tit. 14, § 505. Count Six charged Clarke with

second degree aggravated rape committed on August 30, 2002, in

violation of V.I. CODE ANN. tit. 14 § 1700a. Count Seven charged

Clarke again with second degree aggravated rape committed on

August 30, 2002, in violation of V.I. CODE ANN. tit. 14 § 1700a.

Count Eight charged Clarke with first degree unlawful sexual

contact committed on August 30, 2002, in violation of V.I. CODE

ANN. tit. 14 § 1708(1).  Count Nine charged Clarke with first

degree assault committed on August 30, 2002, in violation of V.I.

CODE ANN. tit. 14 § 295(3). Count Ten charged Clarke with child

abuse committed on August 30, 2002, in violation of V.I. CODE ANN.

tit. 14 § 505. Count Eleven charged Clarke with second degree

aggravated rape committed on August 30, 2002, in violation of

V.I. CODE ANN. tit. 14 § 1700a. Count Twelve charged Clarke with

first degree unlawful sexual contact committed on August 30,

2002, in violation of V.I. CODE ANN. tit. 14 § 1708(1) . Count

Thirteen charged Clarke with incest committed on August 30, 2002,

in violation of V.I. CODE ANN. tit. 14 § 961. Count Fourteen

charged Clarke with incest committed between August 1 and August

10, 2002, in violation of V.I. CODE ANN. tit. 14 § 961.

A jury trial in this matter was held on October 15 through

October 16, 2003. Clarke was found guilty on all counts. The

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 5

trial court imposed sentences that included the following periods

of incarceration: 25 years for counts I, II, VI, VII, and XI; 10

years for counts III, VIII, and XII; 15 years for counts IV and

IX; 20 years for counts V and X; and 10 years for counts XIII and

XIV. The trial court further ordered that "each sentence shall

run concurrently with each other." (J.A. 0007.)

Clarke raises four issues for review by this court. He

argues: (1) that the Government violated his Fourth Amendment

rights in taking his DNA and thus that evidence should have been

suppressed at trial; (2) that the second degree aggravated rape

statute under which he was convicted was unconstitutionally vague

and overbroad; (3) that a number of counts under which he was

charged were multiplicitous; and (4) that insufficient evidence

was presented at trial to establish his paternity for purposes of

his conviction for incest.

## II.  **DISCUSSION**

### A.  Jurisdiction

This Court has jurisdiction to review judgments and orders

of the Superior Court in criminal cases. *See* Revised Organic Act

§ 23A, 48 U.S.C. § 1613a; Act No. 6687 § 4 (2004).

### B.  Standard of Review

### 1. Suppression

Decisions denying motions to suppress evidence are reviewed

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 6

for clear error with respect to the court's underlying factual findings. The court's application of the law to those facts is entitled to plenary review. *See United States v. Leveto*, 540 F.3d 200, 21 n.9 (3d Cir. 2008); *Gov't of V.I. v. Petersen*, 131 F. Supp. 2d 707, 710 (D.V.I. App. Div. 2001).

### 2.   Constitutionality of Statute

"We review *de novo* questions of law, issues implicating rights protected under the U.S. Constitution, and the interpretation of statute[s]." *Garcia v. Gov't of the Virgin Islands*, 48 V.I. 530, 534 (D.V.I. App. Div. 2006) (citing *Gov't of the Virgin Islands v. Albert*, 89 F. Supp. 2d 658, 663 (D.V.I. App. Div. 2001)); *see also United States v. Singletary*, 268 F.3d 196, 198 (3d Cir. 2001).

### 3. Double Jeopardy

The standard of review where an appellant challenges his conviction on double jeopardy grounds is plenary. *United States v. Aguilar*, 849 F.2d 92, 95 (3d Cir. 1988) (citation omitted).

### 4. Sufficiency of the Evidence

An appellate court exercises plenary review over sufficiency of the evidence claims. *United States v. Miller*, 527 F.3d 54, 60 (3d Cir. 2008).  "'In exercising that review, we must interpret the evidence in the light most favorable to the government as the

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 7

verdict winner,' [citation] and 'do not weigh evidence or determine the credibility of witnesses in making [our] determination.'" *Id.* (second alteration in original) (quoting *United States v. Taftsiou*, 144 F.3d 287, 290 (3d Cir. 1998); *United States v. Gambone*, 314 F.3d 163, 170 (3d Cir. 2003)). That is, the verdict must stand if "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt[.]" *United States v. Voigt*, 89 F.3d 1050, 1080 (3d Cir. 1996) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original)). Overall, "a claim of insufficiency of the evidence places a very heavy burden on an appellant." *United States v. Gonzalez*, 918 F.2d 1129, 1132 (3d Cir. 1990) (internal quotation marks and citation omitted).

### III. ANALYSIS

#### 1. Suppression

Clarke argues that the Government's seizure of his DNA was violative of his Fourth Amendment rights. Clarke also contends that his arrest was not lawful. As such, he asserts that in the absence of a lawful arrest, the trial court erred in admitting DNA evidence collected from him.

The Fourth Amendment, in pertinent part, provides: "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures,

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 8

shall not be violated . . ." U.S. CONST. AMEND. IV.

"[A] warrantless arrest by a law officer is reasonable under the Fourth Amendment where there is probable cause to believe that a criminal offense has been or is being committed." *Devenpeck v. Alford*, 543 U.S. 146, 152 (2004). "Probable cause 'requires more than mere suspicion.'" *Reedy v. Evanson*, 615 F.3d 197, 211 (3d Cir. 2010). "However, it does not 'require the same type of specific evidence of each element of the offense as would be needed to support a conviction.'" *Reedy*, 615 F.3d at 211 (citing *Adams v. Williams*, 407 U.S. 143, 149 (1972)). "[T]he probable-cause determination must be based on objective facts that could justify the issuance of a warrant by a magistrate and not merely on the subjective good faith of the police officers." *United States v. Ross*, 456 U.S. 798, 808 (1982). "Probable cause exists where the facts and circumstances known to the officer and of which he had reasonably trustworthy information would be sufficient to an objectively reasonable person to warrant the belief that an offense has been or is being committed." *United States ex rel. Hoffman v. Chesney*, 1994 WL 136975 at *3 (E.D. Pa. 1994). "In analyzing whether probable cause existed for an arrest, we must make a 'totality-of-the-circumstances approach.'" *Reedy*, 615 F.3d at 212 (citing *Illinois v. Gates*, 462 U.S. 213, 230 (1983)).

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 9

"When a police officer has received a reliable identification by a victim of his or her attacker, the police have probable cause to arrest." *Mobilio v. Division of law and Public Safety of New Jersey*, 413 Fed. Appx. 530, 536 (3d Cir. 2011) (citing *Sharrar v. Felsing*, 128 F.3d 810, 818 (3d Cir. 1997)).

Here, the officers responded to a 911 call relaying information that a rape had occurred at the Clarke residence and that an individual at the residence possessed a gun. Upon arriving at the Thomasville address, the officers spoke with Shermaine Clarke who told them that her father had just had sex with her. Given the 911 call alerting the officers to a possible rape, followed by the officers' conversation with Shermaine Clarke that she had just been raped, a reasonable person would have grounds to believe that a rape had recently been committed. *See Chesney*, 1994 WL 136975 at *3. Additionally, given Shermaine Clarke's relationship to her alleged attacker, a reasonable person would have grounds to find her identification of Clarke reliable. See *Mobilio*, 413 Fed. Appx. at 536. As such, the trial court did not err in finding that the officers possessed probable cause to arrest Clarke at that point.

Clarke also argues that the collection of DNA evidence from his person was improper *if* the foregoing arrest was improper. The

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 10

Court has found that the trial court did not err in finding that probable cause existed for Clarke's arrest. As such, the Court need not reach Clarke's argument as to the subsequently collected DNA sample. *See generally U.S. v. Kincade*, 379 F.3d 813, 837 (9th Cir. 2004)(explaining that "the DNA profile derived from the defendant's blood sample establishes only a record of the defendant's identity--otherwise personal information in which the qualified offender can claim no right of privacy once lawfully convicted of a qualifying offense (indeed, once lawfully arrested and booked into state custody).")

## 2. Constitutional Vagueness and Overbreadth

Clarke argues that the second degree aggravated rape statute is unconstitutionally vague. Clarke did not raise this issue at trial. As such, the plain error standard of review applies. *See United States v. Olano*, 507 U.S. 725, 731 (1993)(explaining that a court of appeals has "limited power to correct errors that were forfeited because not timely raised" at the trial court level) (citing Fed. R. Crim. P. 52 ("Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court.")).

The statute defining aggravated rape in the second degree, in pertinent part, provides: "(a)Whoever perpetrates an act of sexual intercourse or sodomy with a person who is under eighteen

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 11

years but thirteen years or older and not the perpetrator's
spouse, or by force, intimidation, or the perpetrator's position
of authority over the victim is used to accomplish the sexual
act, is guilty of aggravated rape in the second degree." V.I.
CODE ANN. tit. 14, § 1700a. V.I. CODE ANN. tit. 14, § 1700a.

A statute is not unconstitutionally vague so long as the
statutory words "'provide explicit standards for those who apply
them' and 'give the person of ordinary intelligence a reasonable
opportunity to know what is prohibited.'" *McConnell v. Federal
Election Com'n*, 540 U.S. 93, 170 (quoting *Grayned v. City of
Rockford*, 408 U.S. 104, 108-109 (1972)). Further, a statute "may
be impermissibly vague because it fails to establish standards
for the police and public that are sufficient to guard against
the arbitrary deprivation of liberty interests." *City of Chicago
v. Morales,* 527 U.S. 41, 52 (1999) (citing *Kolender v. Lawson*,
461 U.S. 352, 358 (1983)).

"A statute or regulation is invalid on its face under the
overbreadth doctrine if it ' does not aim specifically at the
evils within the allowable area of control [by government] but .
. . sweeps within its ambit other [constitutionally protected]
activities." *Waterman v.* Farmer, 183 F.3d 208, 212 n. 5(3d Cir.
1999) (alteration in the orginal)(quoting *Thornhill v. Alabama*,
310 U.S. 88 (1940)).

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 12

Clarke argues that the statute is unconstitutionally vague because it prohibits both (1) sexual intercourse with a person under the age of eighteen but older than thirteen who is not the offender's spouse and (2) a sexual act accomplished by use of offender's "position of authority."

The statute's prohibition of rape committed under more than one set of circumstances does not render it unconstitutionally vague. Proscribing the commission of an act in a variety of ways is a common statutory device. *See, e.g.*, V.I. CODE ANN. tit. 14, § 922.[3]

The second degree aggravated rape statute provides people of ordinary intelligence clear direction that sexual intercourse with a person who is under the age of eighteen but older than

---

[3]  (a) All murder which--

(1) is perpetrated by means of poison, lying in wait, torture, detonation of a bomb or by any other kind of willful, deliberate and premeditated killing;

(2) is committed in the perpetration or attempt to perpetrate arson, burglary, kidnapping, rape, robbery or mayhem, assault in the first degree, assault in the second degree, assault in the third degree and larceny; or

(3) is committed against (A) an official, law enforcement officer, or other officer or employee of the Government of the Virgin Islands while working with law enforcement officials in furtherance of a criminal investigation (i) while the victim is engaged in the performance of official duties; (ii) because of the performance of the victim's official duties; or (iii) because of the victim's status as a public servant; or (B) any person assisting a criminal investigation, while that assistance is being rendered and because it is first degree murder;

is murder in the first degree.

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 13

thirteen is prohibited. *See* V.I. CODE ANN. tit. 14, § 1700a. It
also provides unambiguous direction that sexual intercourse with
anyone achieved by force, intimidation, or the offender's use of
a position of authority is prohibited. *See* V.I. CODE ANN. tit. 14,
§ 1700a. Because the rape of a person between the ages of
thirteen and eighteen may also be achieved by means of an
offender's "position of authority" does not rob the statute of
its clarity.  Because a rape of an individual between the ages of
thirteen and eighteen is prohibited under two proscribed acts in
the statute does not introduce confusion into the conduct
prohibited under the statute.

        Clarke argues that the statute is also overbroad in that it
criminalizes otherwise legal activities, not within the purview
of the government's oversight. However, Clarke appears to misread
the statute as prohibiting any sexual relationship between an
employer and an employee. The statute would bar the sexual
relationship only if the employer's "position of authority" was
the means "used to accomplish the sexual act." V.I. CODE ANN. tit.
14, § 1700a. The second degree aggravated rape statue would not
intrude on a sexual relationship between an employer and employee
accomplished without any reliance on the employer's "position of
authority." Given that the statute does not "sweep[] within its
ambit other [constitutionally protected] activities," it is not
void for overbreadth. *See* Thornhill *v.* Alabama, 310 U.S. 88

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 14

(1940).

### 3. Double Jeopardy

Clarke argues that his sentence violates the double jeopardy clause of the U.S. Constitution. The double jeopardy clause protects a criminal defendant in three ways.  It "protects against a second prosecution for the same offense after acquittal . . . against a second prosecution for the same offense after conviction . . . [and] against multiple punishments for the same offense." *Brown v. Ohio*, 432 U.S. 161, 165 (1977) (quoting *North Carolina v. Pearce*, 395 U.S. 711, 717 (1969)).

In assessing whether the prohibition on multiple punishments applies to Clarke's convictions, this Court is guided by the test enunciated in *Blockburger v. United States,* 284 U.S. 299 (1932). *United States v. Hodge*, 211 F.3d 74, 78 (3d Cir. 2000).  This Court must ask whether each of the statutes under which Clarke was convicted requires "proof of a fact which the other does not," such that the defendant can be prosecuted under them for a single act. *See Blockburger v. United States*, 284 U.S. 299, 304 (1932); *see also Gov't of the Virgin Islands v. Brathwaite*, 782 F.2d 399, 406 (3d Cir. 1986) ("*Blockburger* provides established test for determining whether two offenses are sufficiently distinguishable to permit imposition of cumulative punishment")(quoting *Brown v. Ohio*, 432 U.S. 161 (1977)).  "The

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 15

elements of the offense are compared in the abstract, without

looking to the facts of the particular case." *Gov't of the Virgin*

*Islands v. Bedford*, 671 F.2d 758, 765 (3d Cir. 1982) (citations

omitted).

Clarke argues and the Government concedes that a number of

these offenses are multiplicitous in that they possess the "same

elements" under the *Blockburger* test. Specifically, Clarke argues

that all the counts arose from two incidents: (1) an alleged rape

that occurred between August 1-10, 2002 and (2) an alleged rape

that took place on or about August 30, 2002. Clarke argues that a

number of the counts charged against him are lesser included

offenses predicated on the same two incidents. Counts I through

V, and Count XIV deal with the incident that occurred during the

period between August 1, 2002, and August 10, 2002. Counts V

through XIII deal with the incident that occurred on August 30,

2002. Clarke argues that "Counts I-V should have been merged into

a single count upon Defendant's conviction, and Counts VI-XIII

should have been merged into a second count." Accordingly, he

requests that Counts III, IV, V, VIII, IX, X, XII, XIII, and XIV

be vacated.

## Count III

Count II charges Clarke with second degree aggravated rape

on a date in the time period between August 1 and 10, 2002, in

violation of 14 V.I.C. § 1700a(a). That statute provides that

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 16

"[w]hoever perpetrates an act of sexual intercourse or sodomy with a person who is under eighteen years but thirteen years or older and not the perpetrator's spouse, or by force ... is guilty of aggravated rape in the second degree." V.I. CODE ANN. tit. 14, § 1700a(a). The second amended information charges the offense by "an act of sexual intercourse with a person not his spouse, to with S.C. by putting his penis in her vagina, and such act was committed by use of force in that in the process of committing the act he slapped S.C. in the face and held a shirt over her mouth..." (J.A. 161.)

Count III charges unlawful sexual contact in the first degree, committed between August 1 and August 10, 2002, in violation of 14 V.I.C. § 1708(1). That statute is violated by "[a] person who engages in sexual contact with a person not the perpetrator's spouse -- (1) when force or coercion is used to accomplish the sexual contact..." V.I. CODE ANN. tit. 14, § 1708(1). The second amended information charges the offense: "...did engage in sexual contact with a person not his spouse, to wit S.C., by putting his penis on her vagina, when force or coercion was used to accomplish the sexual act in that he lay on top of her, slapped her in the face and put a shirt over her mouth while in the process of committing the act..." (J.A. 162.) This statute is a lesser included offense of the statute charged in Count II because its elements of sexual contact, non-marriage

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 17

relationship, and force, are also elements of the statute charged
in Count II. *See Blockburger v. United States*, 284 U.S. 299
(1932) (explaining that where the act constitutes a violation of
two distinct statutory provisions, the test to be applied to
determine whether there are two offenses or only one is whether
each provision requires proof of a fact which the other does
not). 14 V.I.C. § 1708(1) fails to require proof of a fact which
14 V.I.C. § 1700a(a) does not also require.

### Count IV

Count IV charges Clarke with first degree assault, committed
between August 1 and August 10, 2002, in violation of 14 V.I.C.
295(3). Under that statute, "[w]hoever -- (3) with intent to
commit rape, sodomy, mayhem, robbery or larceny, assaults
another... shall be imprisoned not more than 15 years." V.I. CODE
ANN. tit. 14, § 295(3). Because the offense must be done "with
the intent to commit rape," which is not required for any of the
other charged offenses, it is not a lesser included offense of
any other charged offense. As such, Count IV is not
multiplicitous.

### Count V

Count V charges Clarke with child abuse, committed between
August 1 and 10, 2002, in violation of 14 V.I.C. § 505. Under
that statute, "[a]ny person who abuses a child, or who knowingly

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 18

or recklessly causes a child to suffer physical, mental or
emotional injury, ... shall be punished by a fine of not less
than $500, or by imprisonment of not more than 20 years, or
both." V.I. CODE ANN. tit. 14, § 505. "'Abuse' means ... sexual
conduct with a child." V.I. CODE ANN. tit. 14, § 503(a). Under
this count, the amended information charged Clarke with abusing
Shermaine Clarke by putting his penis in her vagina by use of
force. Those elements are also required by the offense charged in
Count II. As such, Count V is a lesser included offense of Count
II.

### Count XIV

Count XIV charges Clarke with incest committed between
August 1st-August 10th, in violation of 14 V.I.C. § 961. Under
that statute, "[p]ersons being within the degrees of
consanguinity within which marriages are declared by law to be
void, . . . who commit fornication or adultery with each other
shall each be imprisoned for not more than 10 years." V.I. CODE
ANN. tit. 14, § 961. For incest, the element that the defendant
be the victim's father is distinct, and thus Count XIV was not a
lesser included offense of any other offense charged.

### Count VIII

Count VII charges Clarke with second degree aggravated rape,
committed on August 30, 2002, in violation of 14 V.I.C. §
1700a(a). That statute provides that "[w]hoever perpetrates an

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 19

act of sexual intercourse or sodomy with a person who is under

eighteen years but thirteen years or older and not the

perpetrator's spouse, or by force ... is guilty of aggravated

rape in the second degree." V.I. CODE ANN. tit. 14, § 1700a(a).

The second amended information charges the offense by "an act of

sexual intercourse with a person not his spouse, to with S.C. by

putting his penis in her vagina and in committing such act used

force or intimidation by getting on top of her and putting a

pillow over her face..." (J.A. 163.)

Count VIII charges Clarke with first degree unlawful sexual

contact committed on August 30, 2002, in violation of 14 V.I.C. §

1708(1). That statute is violated by "[a] person who engages in

sexual contact with a person not the perpetrator's spouse -- (1)

when force or coercion is used to accomplish the sexual

contact..." V.I. CODE ANN. tit. 14, § 1708(1). The second amended

information charges that offense as: "did engage in sexual

contact with a person not his spouse, to with S.C., by putting

his penis on her vagina when force or coercion was used to

accomplish the sexual act by getting on top of her and placing a

pillow over her face..." (J.A. 163.) The statute is a lesser

included offense of the statute charged in Count VII because its

elements of sexual contact, non-marriage relationship, and force,

are also elements of the statute charged in Count VII. *Compare*

V.I. CODE ANN. tit. 14, § 1708(1) (explaining that the statute is

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 20

violated by "[a] person who engages in sexual contact with a person not the perpetrator's spouse -- (1) when force or coercion is used to accomplish the sexual contact..."), *with* V.I. CODE ANN. tit. 14, § 1700a(a) (providing that "[w]hoever perpetrates an act of sexual intercourse or sodomy with a person who is under eighteen years but thirteen years or older and not the perpetrator's spouse, or by force ... is guilty of aggravated rape in the second degree.")

### Count IX

Count IX charges the defendant with first degree assault, in violation of 14 V.I.C. 295(3). Under that statute, "[w]hoever -- (3) with intent to commit rape, sodomy, mayhem, robbery or larceny, assaults another... shall be imprisoned not more than 15 years." V.I. CODE ANN. tit. 14, § 295(3). Because the offense must be done "with the intent to commit rape," which is not required for any of the other charged offenses, it is not a lesser included offense of any other charged offense. As such, it is not multiplicitous.

### Count X

Count X charges Clarke with child abuse committed on August 30th, in violation of 14 V.I.C. § 505. Under that statute, "[a]ny person who abuses a child, or who knowingly or recklessly causes a child to suffer physical, mental or emotional injury, ... shall

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 21

be punished by a fine of not less than $500, or by imprisonment of not more than 20 years, or both." V.I. CODE ANN. tit. 14, § 505. "'Abuse' means ... sexual conduct with a child." V.I. CODE ANN. tit. 14, § 503(a). Under this count, the amended information charged Clarke with abusing Shermaine Clarke by putting his penis in her vagina by use of force. Those elements are also required by the offense charged in Count VII. As such, Count X is a lesser included offense of Count VII.

### Count XII

Count XII charges Clarke with first degree unlawful sexual contact committed on August 30th, in violation of 14 V.I.C. § 1708(1). That statute is violated by "[a] person who engages in sexual contact with a person not the perpetrator's spouse –- (1) when force or coercion is used to accomplish the sexual contact..." V.I. CODE ANN. tit. 14, § 1708(1). The statute is a lesser included offense of the statute charged in Counts VI, VII, and XI because its elements of sexual contact, non-marriage relationship, and force, are also elements of the statute charged in Counts VII and VIII.

### Count XIII

Count XIII charges Clarke with incest, committed on August 30th, in violation of 14 V.I.C. § 961. Under that statute, "[p]ersons being within the degrees of consanguinity within which marriages are declared by law to be void, . . . who commit

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 22

fornication or adultery with each other shall each be imprisoned

for not more than 10 years." V.I. CODE ANN. tit. 14, § 961. For

incest, the element that the defendant be the victim's father is

distinct, and thus Count XIV was not a lesser included offense of

any other offense charged.

A number of these counts involve the "same elements" and

thus fail to constitute distinct offenses under the *Blockburger*

test. *See Brown v. Ohio*, 432 U.S. 161, 165 (1977) (explaining

that Double Jeopardy "protects against multiple punishments for

the same offense."); *see also Blockburger*, 284 U.S. 299 (1932)

(explaining that where the act constitutes a violation of two

distinct statutory provisions, the test to be applied to

determine whether there are two offenses or only one is whether

each provision requires proof of a fact which the other does

not). Accordingly we remand to the trial court, to vacate the

counts violative of double jeopardy.

**4. Sufficiency of the Evidence of Consanguinity**

Clarke argues that for the two counts of Incest, the

Government failed to adduce proof at trial that Shermaine Clarke

was in fact his biological daughter. He asserts that the only

person to testify as to his paternity was Shermaine Clarke

herself. Clarke challenges Shermaine Clarke's ability to provide

proof of her parentage because she "was not cognitively present

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 23

or consciously aware of her conception."(Br. of Appellant 20).

The essential elements of incest are: 1) that the persons be with the degrees of consanguinity within which marriages are declared by law to be void; and 2) that the persons *either* knowingly intermarry with each other, *or* 3) that they commit fornication or adultery with each other. V.I. CODE ANN. tit. 14, § 961.

"A marriage is prohibited and void from the beginning, without being so decreed ..., when it is between-- (1) a man and his ... daughter, wife's daughter, ...; (2) a woman and her ... father, stepfather, ..." *See* V.I. CODE ANN. tit. 16, § 1.

Prior to 1998, the Virgin Islands Code contained a statute that provided for establishment of paternity if a putative father did all of three things: (a) he must have publicly acknowledged it as his natural child; (b) he must have received it as his natural child, with the consent of his wife, if married, into his family; and (c) he must have otherwise treated the claimant as if the claimant was a legitimate child. See Tyler v. Armstrong, 365 F.3d 204, 211 (3d Cir. 2004). That statute was repealed in 1998.

Section 50(a) of Title I of the Virgin Islands Code provides:

> The repeal of any Act, part of any Act, or provision of this Code does not release or extinguish any right acquired, or penalty, forfeiture, or liability incurred, under the Act, part or provision, and existing at the

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 24

> time of the repeal, unless the repealing Act expressly so
> provides, and the Act, part, or provision shall be
> treated as still remaining in force for the purpose of
> sustaining any proper action or proceeding for the
> enforcement of the right, penalty, forfeiture, or
> liability.

V.I. CODE ANN. tit. 1, § 50(a).

The Virgin Islands Code now provides that paternity may be established (1) voluntarily by signed Acknowledgment of Paternity; (2) by court or administrative paternity establishment; or (3) through marriage of the child's parents. See V.I. CODE ANN. tit. 16, §§ 291-296.

The Third Circuit has held that the testimony of a single cooperating witness can be sufficient to uphold a conviction on a sufficiency of the evidence challenge. *United States v. Bibbs*, 152 Fed. Appx. 247, 251 (3d Cir. Pa. 2005)(citing U.S. v. Perez, 280 F.3d 318, 344 (3d Cir. 2002).

Here, Shermaine Clarke provided testimony that referenced Clarke as her father. She referred to Clark as her father throughout her testimony. (J.A. 138, 139, 140.) Albertis Rogers, the friend that called the police for Shermaine Clarke, also testified that Clarke is Shermaine Clarke's father. (J.A. 147.)

A verdict will be sustained if in considering the evidence in the light most favorable to the government, "any rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *U.S. v. Dent*, 149 F.3d 180, 187 (3d

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 25

Cir. 1998)(citations and quotation omitted). Here, there was no

testimony or other evidence regarding Clarke's public

acknowledgment of Shermaine Clarke as his child prior to 1998

when the applicable statute was repealed. There was no testimony

or other evidence regarding an Acknowledgment of Paternity signed

by Clarke. There was no testimony or other evidence regarding a

marriage between Clarke and Shermaine Clarke's mother.

When viewed in the light most favorable to the Government,

the testimony of Shermaine Clarke and Albertis Rogers regarding

Shermaine Clarke's degree of consanguinity with Clarke, was not

sufficient to provide evidence on the element of consanguinity.

*See* Bibbs, 152 Fed. Appx. 247, 251 (3d Cir. Pa. 2005).

Therefore, given the testimonial evidence, we conclude

there was insufficient evidence to support the jury's verdict of

guilty as to incest.

## IV.   CONCLUSION

The trial court imposed sentences that included the

following periods of incarceration: 25 years for counts I, II,

VI, VII, and XI; 10 years for counts III, VIII, and XII; 15 years

for counts IV and IX; 20 years for counts V and X; and 10 years

for counts XIII and XIV. The trial court further ordered that

"each sentence shall run concurrently with each other." (J.A.

0007.) However, Count III is a lesser included offense of count

II. Count V is a lesser included offense of count II. Count VIII

*Clarke v. People of the Virgin Islands*
D.C. Crim. App. No. 2004-85
Memorandum Opinion
Page 26

is a lesser included offense of count VII. Count X is a lesser
included offense of count VII. Count XII is a lesser included
offense of counts VI, VII, and XI.

Where, as here, a defendant's conviction violates the Double
Jeopardy clause, the Third Circuit has directed trial courts,
with respect to multiplicitous counts, to "impose a general
sentence on all counts for a term not exceeding the maximum
permissible sentence on that count which carries the greatest
maximum sentence." *United States v. Xavier*, 2 F.3d 1281, 1292 (3d
Cir. 1993) (internal citations and quotations omitted).

Accordingly, and for the other reasons articulated in this
memorandum opinion, we affirm the convictions in counts I, IV,
and IX. We vacate Clarke's convictions on the incest counts
(counts XIII and XIV). We vacate Clarke's sentences under counts
II, III, V, VI, VII, VIII, X, XI, and XII, and remand for
resentencing in accordance with this opinion.

We direct the Superior Court to impose a general sentence on
counts II, III and V "for a term not exceeding the maximum
permissible sentence on that count which carries the greatest
maximum sentence." *Id.* We further direct the Superior Court to
impose a general sentence on counts VII and VIII, X, XI, and XII
"for a term not exceeding the maximum permissible sentence on
that count which carries the greatest maximum sentence." *Id.*